### No. 41
### FORSCHNER CO. v. THIRD REFORMED CHURCH

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5016. Decided May 9, 1924.

187. BUILDINGS—Owner of building not liable for loss by contractor caused by delay in work by other contractors.

SULLIVAN, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

Action upon an alleged breach of a written contract resulting in damages caused by unreasonable and unnecessary delays to the Forschner Co. which had entered into written contracts with the Third Reformed Church for the masonry, plastering and carpentry work necessary to construct a religious edifice. By article 6 the contractor agreed to begin work immediately and complete within sixty days after mason walls were completed. Article 7 provided for an extension of time for completing the work equivalent to any delay not caused by the contractor.

Article 8 provided as follows:

"The owner agrees to provide all labor and materials essential to the conduct of this work not included in this contract in such manner as not to delay its progress, and in the event of failure so to do, thereby causing loss to the contractor, agree that they will reimburse the contractor for such loss; and the contractors agree that if they shall delay the progress of work so as to cause loss for which the owner shall become liable, then they shall reimburse the owner for such loss. Should the owner and contractor fail to agree as to the amount of loss comprehended in this article, the determination of the amount shall be referred to arbitration as provided in Article 12 of this contract."

At the close of plaintiff's case a motion by the defense to direct a verdict for the church was granted by the common pleas. In dismissing the petition in error the court of appeals held:

1. That the trustees of the church did not reserve the doing of any of the work or the furnishing of any material to themselves under the contract and that there was no liability for the alleged delays unless it appeared from the evidence that the trustees of the church were in some manner directly responsible therefor.

2. That there was no evidence that the trustees of the church were directly responsible for any delays but to the contrary that the plaintiff was fully aware that independent contractors were to do all of the work not performed by the plaintiff.